*#114005*

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

SYLVIA VASQUEZ

## DEFENDANTS

**B-00-108**

K-MART CORPORATION, RANSOM OLDS, and DOLLY BARRERA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael R. Cowen
ZAVALETTA & COWEN
603 E. St. Charles
Brownsville, Tx. 78520
(956) 546-5567

ATTORNEYS (IF KNOWN)

**United States District Court**
**Southern District of Texas**
**FILED**

**JUL 14 2000**

**Michael N. Milby**
**Clerk of Court**

## II. BASIS OF JURISDICTION   (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION   (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Sec. 12101 et seq. Plaintiff files this lawsuit because Defendants discriminated against her on the basis of a disability. Plaintiff seeks relief in the form of compensatory and punitive damages, plus attorney fees as allowed under the ADA.

## V. NATURE OF SUIT   (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN   (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** 500,000   Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
7/14/00

SIGNATURE OF ATTORNEY OF RECORD
Michael R. Cowen

**UNITED STATES DISTRICT COURT**

ClibPDF - www.fastio.com

440 (Rev. 10/93) Summons In a Civil Action

# United States District Court

## ——— DISTRICT OF ———

SYLVIA VASQUEZ

### V.

K-MART CORPORATION, RANSOM OLDS
and DOLLY BARRERA

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

B-00-108

TO: (Name and address of defendant)

DOLLY BARRERA
713 E. Buchanan Street
Harlingen, Tx. 78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Tx. 78520

nswer to the complaint which is herewith served upon you, within _____20_____ days after
ce of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
ıst you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
ınable period of time after service.

Michael N Milby, Clerk Clerk

7-14-00

ᴋ

DATE

DEPUTY CLERK

440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

## DISTRICT OF _____

SYLVIA VASQUEZ

### SUMMONS IN A CIVIL CASE

**V.**

CASE NUMBER:

K-MART CORPORATION, RANSOM OLDS
and DOLLY BARRERA

B-00-108

TO: (Name and address of defendant)

K-MART CORPORATION
CT Corporation Systems
350 North St. Paul Street
Dallas, Tx.   75201

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Tx. 78520

answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

7-14-00

_____        _____DATE_____

CLERK

DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Ac'

# United States District Court

## DISTRICT OF

SYLVIA VASQUEZ

### V.

K-MART CORPORATION, RANSOM OLDS
and DOLLY BARRERA

## SUMMONS IN A CIVIL CASE

CASE NUMBER:

B-00-108

TO: (Name and address of defendant)

Ransom Olds
675 Edgewater Isle
San Benito, Tx. 78586

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Tx. 78520

an answer to the complaint which is herewith served upon you, within _____20_____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

Michael N Milby, Clerk                           7-14-00

CLERK                                            DATE

BY) DEPUTY CLERK

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 14 2000

~~Michael N.~~ Milby
Clerk of Court

| | | |
|---|---|---|
| SYLVIA VASQUEZ,<br>*Plaintiff* | § | CIVIL ACTION NO. |
| vs. | | B - 00 - 108 |
| K-MART CORPORATION,<br>RANSOM OLDS, and<br>DOLLY BARRERA<br>*Defendants* | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### NATURE OF THE CASE

1.      Sylvia Vasquez, a qualified individual with an actual or perceived disability—hearing impairment—files this lawsuit because Defendant K-Mart Corporation ("K Mart") constructively discharged her after subjecting her to a hostile work environment.  Defendants' discriminatory acts violated federal law, namely the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.).  Defendants' acts also violated various state and common law provisions.

### PARTIES

2.      Plaintiff Sylvia Vasquez is a resident of Brownsville, Cameron County, Texas.  She is hearing impaired.

3.      Defendant K-Mart is a Delaware corporation doing business in the Southern District of Texas.  It may be served through its registered agent,

**Zavaletta & Cowen**
603 E. St. Charles St. • Brownsville, Texas 78521
Telephone (956) 546-5567 • Facsimile (956) 541-2205

CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201. Defendant has in excess of fifteen employees.

4.          Defendant Ransom Olds is an individual. He may be served at his residence, 675 Edgewater Isle, San Benito, Texas 78586.

5.          Defendant Dolly Barrera is an individual. She may be served at her residence, 713 East Buchanan, Harlingen, Texas 78550.

## JURISDICTION

6.          This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Sylvia Vasquez' cause of action arises under 42 U.S.C. §§ 12101 et seq., the Americans With Disabilities Act (the "ADA"). On May 16, 2000, the U.S. Equal Employment Opportunity Commission ("EEOC") issued to Sylvia Vasquez a Notice of Suit Rights, giving her permission to sue K Mart. Sylvia Vasquez has filed suit within 90 days of her receipt of the Notice of Suit Rights.

7.          The pendent jurisdiction of this Court is invoked to join the pendent state common law and statutory claims.

8           Venue is proper pursuant to 28 U.S.C. § 1391(a). This is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## BACKGROUND

9.          Sylvia Vasquez began her employment with K Mart in or around April 1994. Vasquez was first hired as a District Loss Control Associate. A few months later, K Mart promoted her to Loss Control Manager.

10.          As a result of her disability, Vasquez wore hearing aids to work.

11.          Before working at K Mart, Vasquez had enjoyed success in retail loss prevention, working for other stores without problems or reprimands. Furthermore,

Vasquez attended Texas Southmost College, earning an Associate of Arts in Criminal Justice in or around May of 1992.

12.        As a District Loss Control Associate, Vasquez traveled to K Mart stores within her district (from Brownsville to Portland, Texas) and assisted stores with external theft problems. Vasquez made an exemplary showing as a District Loss Control Associate, evidenced by K Mart's promotion of Vasquez to Loss Control Manager.

13.        At some point, Vasquez' supervisor started harassing her about her disability. The supervisor, Ransom Olds, would make loud comments in a hostile tone, such as, "Does that thing have a volume control?" and "Turn up that thing." Olds was referring to Vasquez' hearing aids. Moreover, Olds made those and similar comments while other people were present.

14.        When Olds made his comments, he knew that Vasquez was being treated with Zoloft for depression.

15.        Another K Mart manager, Dolly Barrera, also started making hostile comments. On one occasion Barrera said, "You hear only what you want to hear, you better turn up that thing." In addition to Vasquez, two other people were present. Barrera made other harassing and hostile comments on other occasions.

16.        On another occasion, Barrera said to a K Mart associate that Vasquez would not answer knocks on her door because she had her hearing aid turned all the way down.

17.        Upon learning of these comments personally and through various K Mart associates, Vasquez became extremely emotionally distraught. Vasquez had never told anyone at work of her hearing problems, and wanted to keep the disability discreet. Vasquez thus perceived a hostile, abusive environment.

<u>Vasquez v. K-Mart Corp.</u>
Original Complaint - 3

ClibPDF - www.fastio.com

18.      In an attempt to make her work situation better, Vasquez spoke to Olds and said she was upset and embarrassed over Olds' and Barrera's actions.

19.      Vasquez also contacted K Mart headquarters and was told to contact her regional manager.  Vasquez was then told to call a human resource manager, did so, and was never called back.

20.      Thus, personnel in the upper echelon of K Mart's hierarchy were made fully aware by Plaintiff of the discriminatory conduct which was occurring.  K Mart failed to take any action to stop this conduct and failed to take any accommodating measures on behalf of Plaintiff.  K Mart's failure to take any action is tantamount to condoning the conduct which was occurring.

21.      The discrimination aimed at Plaintiff continued until Plaintiff could no longer work at K Mart.  Plaintiff was forced to resign her position at K Mart on or about November 12, 1999.

## FIRST CAUSE OF ACTION

## ADA VIOLATION

22.      Sylvia Vasquez is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that she has a disability or a perceived disability.  More specifically, because of her hearing impairment, Plaintiff has

> (a) A physical impairment, i.e., hearing loss that substantially limits one or more of her major life activities;
>
> (b) A record of such impairment; and
>
> (c) Is regarded by defendant as having such impairment.

23.      K Mart is an "employer" and a "covered entity" under the ADA.  42 U.S.C. § 12111(2), 5(A).

24.        Prior to her constructive termination, Vasquez was an employee of K Mart under the ADA.  42 U.S.C. § 12111(4).

25.        Prior to and at the time of her constructive termination, Vasquez was qualified for employment as a Loss Control Manager of K Mart.  Specifically, Vasquez is able to satisfy the essential requirements of employment as a Loss Control Manager.

26.        On January 12, 2000, Vasquez filed a charge of discrimination with the Texas Commission on Human Rights and the EEOC.  On May 16, 2000, the EEOC issued to Plaintiff a Notice of Suit Rights.

27.        K Mart's acts and omissions constitute discrimination under the ADA, in that the acts and omissions altered the terms, conditions, and privileges of Vasquez' employment at K Mart.  42 U.S.C. § 12112(a).  Specifically, K Mart subjected Vasquez to a hostile work environment.

28.        K Mart's discriminatory conduct as to Plaintiff was taken with malice and with reckless indifference to the federally protected rights of Plaintiff.

29.        K Mart is liable for the discrimination because it was made aware of and failed to investigate the discrimination.

30.        As a direct and proximate result of K Mart's illegal actions, Vasquez has been deprived of economic benefits, including but not limited to, loss of fringe benefits, loss of income, and loss of job opportunities (i.e., promotion).

31.        As a direct and proximate result of K Mart's illegal actions, K Mart has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## SECOND CAUSE OF ACTION

## TEXAS LABOR CODE VIOLATION

32.        Plaintiff has a disability within the meaning of V.T.C.A., Labor Code

§ 21.002(6), in that she has a physical impairment or is regarded as having such an

impairment that substantially limits at least one major life activity.

33.        K Mart is an employer within the meaning of V.T.C.A., Labor Code

§ 21.002(8)(A).

34.        Ransom Olds and Dolly Barrera are employers within the meaning of

V.T.C.A., Labor Code § 21.002(8)(B).

35.        Defendants' illegal actions constitute discrimination, as defined by

V.T.C.A., Labor Code, § 21.051(1)-(2).

36.        Defendant's discriminatory conduct as to Plaintiff was taken with malice

and with reckless indifference to the state protected rights of Plaintiff.

37.        As a direct and proximate result of K Mart's illegal actions, Vasquez has

been deprived of economic benefits, including but not limited to, loss of fringe benefits,

loss of income, and loss of job opportunities (i.e., promotion).

38.        As a direct and proximate result of K Mart's illegal actions, Defendant has

caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for

future pecuniary losses, mental anguish, loss of enjoyment of life, and other non-

pecuniary losses.


## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.        Defendants' illegal acts were intentional and outrageous, were calculated

to cause and did cause Plaintiff to suffer severe emotional distress.

## JURY DEMAND

40.        Plaintiff demands trial by jury.

## VICARIOUS LIABILITY

41.        Defendant K Mart is vicariously liable for the misfeasant and malfeasant behavior of its employees, because those employees are agents of K Mart.

## PRAYER FOR RELIEF

Plaintiff respectfully prays the Court to grant the following relief:

42.        That Plaintiff be awarded the back pay she would have earned, together with related monetary benefits and interest thereon, from the date of her constructive termination.

43.        Award Plaintiff compensatory damages in an amount to be determined at trial of this matter.

44.        Award Plaintiff punitive damages in an amount to be determined at trial of this matter.

45.        Award Plaintiff special damages in an amount to be determined at trial of this matter.

46.        Award Plaintiff her attorney fees, including legal expenses, and costs pursuant to the ADA, 42 U.S.C. § 12205 and the Texas Labor Code, V.T.C.A. § 21.259.

47.        Grant such other relief as may be just and proper.

        **WHEREFORE, PREMISES CONSIDERED,** Plaintiff **SYLVIA VASQUEZ** prays that citations be issued and that Defendants be served and that, upon trial on the

merits, the Court will enter judgment against Defendants for the relief requested in this complaint.

Respectfully submitted,

ZAVALETTA & COWEN
603 E. St. Charles St.
Brownsville, Texas 78521
Telephone (956) 546-5567
Facsimile (956) 541-2205

_____
Michael R. Cowen, P.C.
State Bar No. 00795307
Federal ID No. 19967

Vasquez v. K-Mart Corp.
Original Complaint - 8